## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**STEVEN LOVETTE**                                                                                   **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO.  3:16-CV-P258-CRS**

**NEIL BOWEN** *et al.*                                                                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983.  The Court has granted Plaintiff leave to proceed *in forma pauperis*.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and Plaintiff will be allowed to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff Steven Lovette brings this 42 U.S.C. § 1983 action against Defendants Bullitt County Sheriffs Neil Bowen, Dan Miller, M. Riley; Mount Washington Police Officers T. Morris and T. Mattingly; and "other unnamed police in video" employed by "Bullitt County law enforcement."  Plaintiff indicates that he is suing four of the five named Defendants in both their official and individual capacities.  Plaintiff neglects to check either box for the remaining Defendant, so the Court interprets this as an oversight and will consider claims against that Defendant as brought in both capacities as well.  Thus, the Court concludes that Plaintiff intended to sue each individual Defendant in both his official and individual capacities.

In his complaint, Plaintiff alleges as follows:

> I was involved in a pursuit by police and was forced to stop by force and plainly
> did not resist arrest and was choked unconscious and then beat have video (body
> camera) to prove it Excessive Force was used time and time again as well as

deadly force was attempted with their vehicles My constitutional right were violated I had so many attacking me when I was say I give up It is clearly in video.

As relief, Plaintiff seeks compensatory damages in the amount of "$ 5.27 million" and punitive damages in the amount of "$ 2.75 million."

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a § 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

A claim for use of excessive force effectuated upon arrest is analyzed under the Fourth Amendment.  *Graham v. Connor*, 490 U.S. 386, 394 (1989).  The proper application of this standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade

3

arrest by flight." *Id.* at 396; *see also Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 606 (6th Cir. 2006). "These factors are not an exhaustive list, as the ultimate inquiry is whether the totality of the circumstances justifies a particular sort of seizure." *Baker*, 471 F.3d at 606-07.

### A. OFFICIAL-CAPACITY CLAIMS

To the extent that Plaintiff sues Defendants in their official capacities, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, the claims brought against Defendants Bullitt County Sheriffs Neil Bowen, Dan Miller, and M. Riley in their official capacities are deemed claims against Bullitt County. Similarly, the claims brought against Defendants Mount Washington Police Officers T. Morris and T. Mattingly in their official capacities are deemed claims against the City of Mount Washington. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The municipality is only liable when an official policy or custom of the corporation causes the alleged deprivation of federal rights. Because Plaintiff has not alleged that his constitutional rights were violated pursuant to a policy or custom of Bullitt County or the City of Mount Washington, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

### B. INDIVIDUAL-CAPACITY CLAIMS

A plaintiff bringing an individual-capacity claim under § 1983 "seek[s] to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). To sufficiently plead a § 1983 claim against a Defendant in his/her individual capacity, a plaintiff must allege Defendant's "personal involvement" in the alleged constitutional violation. *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (explaining liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others"); *see also Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011).

Here, Plaintiff has sued the five named individual Defendants and "another unnamed police" Defendant in their individual-capacities. However, he has failed to describe the actions of each Defendant - specifically, how each Defendant was personally involved in the alleged incident of excessive force. Thus, as written, Plaintiff's complaint fails to state individual-capacity claims against any Defendant upon which relief may be granted. The Court, however, will allow Plaintiff to amend his complaint to provide these necessary details. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013) (a district court may allow a prisoner to amend a complaint to avoid *sua sponte* dismissal under the Prison Litigation Reform Act).

Additionally, because what crimes Plaintiff was convicted of following his arrest may bear on the outcome of this case, the Court will also order Plaintiff to provide that information as well.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims are **DISMISSED** pursuant 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within 30 days from the entry date of this Order, Plaintiff may file an amended complaint. Should Plaintiff decide to file an amended complaint, he should specifically describe how each Defendant was personally involved in the alleged incident of excessive force against him. Plaintiff shall also state in his amended complaint what crime(s) he was convicted of following his arrest.

Should Plaintiff fail to file an amended complaint with the above information within the allotted amount of time, Plaintiff's individual-capacity claims will also be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the word "Amended" affixed thereto so that Plaintiff can include the additional allegations set forth above.

Date: September 29, 2016

        Charles R. Simpson III, Senior Judge
        United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Bullitt County Attorney
    Mt. Washington City Attorney
4411.011