UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**STEVEN LOVETTE**                                                               **PLAINTIFF**

v.                                        **CIVIL ACTION NO. 3:16-CV-P258-CRS**

**NEIL BOWEN** *et al.*                                          **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Steven Lovette initiated this *pro se* prisoner civil rights action on May 4, 2016. On August 9, 2016, Plaintiff submitted a letter to the Court indicating that he was no longer incarcerated (DN 8). Accordingly, on September 29, 2016, the Court entered an Order advising Plaintiff that he had 30 days to either pay the filing fee or complete a non-prisoner application to proceed without prepayment of fees (DN 10). Plaintiff was warned that his failure to comply with this Order could result in the dismissal of this action. On this same date, the Court also conducted an initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (DN 9). In this Memorandum Opinion and Order, the Court dismissed Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted, but allowed Plaintiff 30 days to amend his individual-capacity claims to prevent dismissal of the entire action.

On October 18, 2016, both of these Orders were returned to the Court as "undeliverable" (DN 11). On November 18, 2016, these documents were re-mailed to Plaintiff and, this time, they were not returned. As of this date, well over one month has passed since these documents were re-mailed to Plaintiff, and he has not filed a notice of change of address or any other document with this Court.

Thus, because Plaintiff has failed to amend his complaint as directed by the Court's September 29, 2016, Memorandum Opinion and Order, the Court will dismiss this action by separate Order for failure to state a claim upon which relief may be granted.

The Court will also dismiss this action under Rule 41(b) for failure to comply with the Order of the Court entered on the same date. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."); *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)) ([T]he United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case *sua sponte* for lack of prosecution.").

Date: January 9, 2017

                                                     **Charles R. Simpson III, Senior Judge**
                                                     **United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        Bullitt County Attorney
        Mt. Washington City Attorney
4411.011